IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL TONNEMACHER,

    Petitioner,                       No. CIV S-11-1363 KJM DAD P

    vs.

EL DORADO COUNTY SHERIFF'S DEPARTMENT,                  ORDER AND

    Respondent.                 FINDINGS AND RECOMMENDATIONS

        Petitioner, a county jail inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.[1]

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

/////

---

[1] On August 2, 2011, the court issued findings and recommendations, recommending that this action be dismissed due to petitioner's failure to inform the court of any address change. Petitioner recently clarified for the court that he is incarcerated in the El Dorado County Jail in Placerville, CA. Under these circumstances, the court will vacate its previous findings and recommendations, and the case will proceed in accordance with these findings and recommendations.

1

**PRELIMINARY SCREENING**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record."

**BACKGROUND**

Petitioner commenced this action by filing a form petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Therein, he indicates that he was convicted in 2004 of grand theft and sentenced to a three year term of probation. Since then, petitioner has been arrested for violations of his probation and has been sentenced to lengthier probation terms. Recently, petitioner was again charged with violations of the terms and conditions of his probation and is currently confined in the El Dorado County Jail in Placerville. Petitioner claims that he is being denied his right to bail as well as his right to effective assistance of counsel. According to the form petition, petitioner never appealed his 2004 judgment of conviction and did not raise any of the claims set forth in his pending federal petition in any petitions for post-conviction relief filed with the California Supreme Court.

**ANALYSIS**

Insofar as petitioner is challenging his 2004 judgment of conviction for grand theft, he is advised that the exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion

requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986). In this case, petitioner concedes that he has not presented any of the claims set forth in his federal petition for relief to the California Supreme Court. Accordingly, to the extent that petitioner seeks to challenge his 2004 judgment of conviction, this action should be dismissed without prejudice due to petitioner's failure to exhaust state court remedies.

Insofar as petitioner is challenging his more recent arrest for purported violations of the terms and conditions of his probation, he is advised that this court may entertain a habeas corpus application on behalf of a person who is in custody pursuant to a state court judgment. See 28 U.S.C. § 2254. Here, the probation violation charges against petitioner are still pending in state court, so there is no judgment for petitioner to challenge with respect to these violations. In addition, any claims related to petitioner's purported violations of his probation would be unexhausted. Finally, this court is barred from directly interfering with petitioner's ongoing criminal proceedings in state court, except under extraordinary circumstances. See Younger v. Harris, 401 U.S. 37, 46 (1971); Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1985) ("When a state criminal prosecution has begun the Younger rule directly bars a declaratory judgment action" as well as a section 1983 action for damages "where such an action would have a substantially disruptive effect upon ongoing state criminal proceedings."). Here, plaintiff has not alleged that such extraordinary circumstances exist. Younger, 401 U.S. at 48-50. Moreover, plaintiff may raise any constitutional claims in his ongoing criminal proceedings in state court. Lebbos v. Judges of the Superior Court, 883 F.2d 810, 813 (9th Cir. 1989) ("Abstention is appropriate based on 'interest of comity and federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests.'").

/////

Accordingly, for all of the foregoing reasons, the court will recommend that petitioner's application for a writ of habeas corpus be dismissed without prejudice and that all of petitioner's pending motions be denied as moot.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Doc. No. 2) is granted; and

2. The court's August 2, 2011 findings and recommendations are vacated;

IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus (Doc. No. 1) be dismissed without prejudice;

2. All pending motions (Doc. Nos. 6 and 9)be denied as moot; and

3. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); Hayward v.

/////

/////

Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), abrogated on other grounds in Swarthout v. Cooke, ___ U.S. ___ , 131 S. Ct. 859 (2011).

DATED: October 7, 2011.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
tonn1363.103